**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHIUCHI ALEXANDER YU and SIUYUK PAK : | |
| : | |
| : | |
| : | **Case No.:** |
| Plaintiffs, : | |
| : | **CIVIL ACTION** |
| v.                              : | |
| : | **COMPLAINT AND JURY DEMAND** |
| CATHAY HOME INC.; STEVEN QIAN; and : | |
| JAIMY YANG; and LIWEI FANG   : | |
| : | |
| Defendant.            : | |
| : | |

Plaintiffs CHIUCHI ALEXANDER YU (hereinafter "Yu") and SIUYUK PAK (hereinafter "Pak"), collectively referred to herein as "Plaintiffs", by way of Complaint against Defendant CATHAY HOME INC. (hereinafter "Cathay"), Defendant STEVEN QIAN (hereinafter "Qian"), Defendant JAIMY YANG (hereinafter "Yang") and Defendant LIWEI FANG (hereinafter "Fang") (with the four Defendants referred to collectively as "Defendants"), states as follows:

<u>**INTRODUCTION**</u>

1.  Plaintiffs allege pursuant to the Fair Labor Standards Act ("FLSA") that among other things, they are entitled to: (i) unpaid wages from Defendant for overtime work for which they did not receive overtime  premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because Defendant's violations lacked a good faith basis.

2.  Plaintiff further complain that among other things, they are entitled to (i) back wages for overtime work for which Defendant willfully failed to pay overtime premium pay as required by the New Jersey Wage and Hour Law.

<u>**THE PARTIES**</u>

3.  Plaintiff Yu is an individual who resides in the State of New Jersey.

4. Plaintiff Pak is an individual who resides in the State of New Jersey.

5. Defendant Cathay is a business incorporated in the State of New York, and doing business in the State of New Jersey.

6. Defendant Cathay is a manufacturer and distributor of home textile products, such as bedding and other related products.

7. Defendant Qian is the chief executive officer (CEO) of Defendant Cathay.

8. Defendant Qian exercised daily control over Yu, and supervised his work.

9. Defendant Qian also determined plaintiffs' compensation.

10. Defendant Qian was the individual that fired Plaintiff Yu.

11. Defendant Fang was the chief operations officer (COO) of Cathay.

12. Defendant Yang was involved in disseminating plaintiffs' work schedules.

13. The aforementioned individual Defendants controlled, and disseminated, plaintiffs' work schedules, determined plaintiffs' work assignments, and, at least in part, served as supervisor of plaintiffs' day-to-day work.

14.  The aforementioned individual Defendants were involved in the management, operation, and/or ownership of Defendant Cathay.

15. Defendant Cathay maintains, and operates, a warehouse in New Jersey. This is in addition to the company's facilities in New York City.

16. Upon information and belief, Defendant Qian had the power to hire and fire employees, set wages, set schedules, supervised Plaintiffs, and retained records.

17. Upon information and belief, Defendant Fang had the power to hire and fire employees, set wages, set schedules, supervised Plaintiffs, and retained records.

18. Upon information and belief, Defendant Yang had the power to hire and fire employees, set wages, set schedules, supervised Plaintiffs, and retained records.

19. All defendants are "employers" as defined in the Fair Labor Standards Act and the New Jersey Wage and Hour Law.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

21. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the enterprise was located in this district, and all transgressions occurred in this district.

## FACTS

22. Plaintiff Yu was hired as a warehouse worker for Defendant Cathay's New Jersey warehouse on or about November 10, 2015 and remained employed by Defendants until about August 6, 2019.

23. Plaintiff Pak was hired as a warehouse worker for Defendant Cathay's New Jersey warehouse in November 2016 and remained employed by Defendants until on or about August 6, 2019.

24. Plaintiffs' job duties included organizing and counting merchandise, as well as loading and unloading in the warehouse.

25. Defendants supervised Plaintiffs' work, and controlled their work schedules.

26. Plaintiff Yu generally worked from Monday through Friday, but from time to time, during certain weeks, he worked six or seven days a week.

27. Plaintiff Yu generally worked from 8:30 a.m. until 5:00 p.m. each day, for a total of at least about 42.5 hours per week.

28. However, during certain time periods, Plaintiff Yu worked over 70 hours per week.

29. Plaintiff Pak generally worked from Monday through Friday, but from time to time, during certain weeks, she worked six or seven days a week.

30. Plaintiff Pak generally worked from 8:30 a.m. until 5:00 p.m., for a total of at least about 42.5 hours per week.

31. However, during certain time periods, Plaintiff Pak worked over 60 or 70 hours per week.

32. Plaintiffs were paid twice per month.

33. Plaintiffs were generally not paid overtime for the hours in a given week which they worked above and beyond the 40-hour threshold.

34. Instead, Plaintiffs were paid straight time for all of the hours.

### FIRST CAUSE OF ACTION
**Violation of the Fair Labor Standards Act- Overtime**

35. Plaintiffs repeat and incorporate each of the preceding allegations as if fully set forth herein.

36. Under the FLSA, a plaintiff is entitled to receive one and one-half (1.5) times the Plaintiff's regular rate for each hour worked above 40 in a given workweek.

37. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week to which plaintiffs were entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. §207(a)(1).

38. Defendants' conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

39. Defendants have not made a good faith effort to comply with the FLSA in regards to paying Plaintiffs' compensation.

4

40. As a result of Defendants' actions, Plaintiffs have been damaged and are entitled to recover unpaid overtime wages and an equal amount in liquidated damages, as well as attorney's fees and costs of suit.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

<u>SECOND CAUSE OF ACTION</u>

**Violation of the New Jersey Wage & Hour Law- Overtime**

41. Plaintiffs repeat and incorporate each of the preceding allegations as if fully set forth herein.

42. Under the New Jersey Wage & Hour Law, a plaintiff is entitled to receive one and one-half (1.5) times the Plaintiff's regular rate for each hour worked above 40 in a given workweek, N.J.S.A. 34:11-56a4 and NJAC 12:56-6.1.

43. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week, in violation of N.J.S.A. 34:11-56a4.

44. As a result of Defendants' actions, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for all damages under the New Jersey Wage and Hour law, including without limitation unpaid overtime wages, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

<u>**JURY DEMAND**</u>

Plaintiffs demands a trial by jury on all issues so triable.

5

Date: September 4, 2019 **WANG, GAO & ASSOCIATES, P.C.**
*Attorney for Plaintiffs*


___/s Heng Wang_____
By:  Heng Wang, Esq.
36 Bridge Street
Metuchen, NJ 08840
Tel:      (732) 767-3020
Fax:     (732) 343-6880

6