**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Chiuchi Alexander Yu and Siuyuk Pak** : | |
| : | |
| **Plaintiffs,** : | **Civil Action No.** |
| : | **2:19-cv-17623-KSH-CLW** |
| : | |
| **vs.** : | |
| : | **ANSWER, AFFIRMATIVE** |
| **Cathay Home Inc., Steven Qian, Jaimy Yang,** : | **DEFENSES, COUNTERCLAIM** |
| **and Liwei Fang,** : | **AND THIRD PARTY COMPLAINT** |
| : | |
| **Defendants.** : | |
| : | |
| **Cathay Home Inc.** : | |
| : | |
| **Third Party Plaintiff,** : | |
| : | |
| : | |
| : | |
| **Go Service Management LLC,** : | |
| : | |
| **Third Party Defendant.** : | |

**<u>ANSWER</u>**

Defendants Cathay Home Inc., Steven Qian, Jaimy Yang, and Liwei Fang (hereinafter collectively referred to as "Defendants") through its counsel by way of Answer to the allegations contained in the Complaint (the "Complaint") filed by Plaintiffs Chiuchi Alexander Yu and Siuyuk Pak ((hereinafter collectively referred to as "Plaintiffs"), says:

**INTRODUCTION**

1.  Defendants deny the allegations contained within Paragraph 1 of the Complaint.

2.  Defendants deny the allegations contained within Paragraph 2 of the Complaint.

**THE PARTIES**

3.  Defendants admit the allegations contained within Paragraph 3 of the Complaint.

4.  Defendants admit the allegations contained within Paragraph 4 of the Complaint.

5.  Defendants admit the allegations contained within Paragraph 5 of the Complaint.

6.  Defendants admit the allegations contained within Paragraph 6 of the Complaint.

7.  Defendants admit the allegations contained within Paragraph 7 of the Complaint.

8.  Defendants deny the allegations contained within Paragraph 8 of the Complaint..

9.  Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.  Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.  Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.  Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.  Defendants deny the allegations contained within Paragraph 13 of the Complaint.

14.  Defendants deny the allegations contained within Paragraph 14 of the Complaint, except Defendant Steven Qian was involved in management and ownership of Defendant Cathay, and Defendants Jaimy Yang and Liwei Fang were involved in operation of Defendant Cathay.

15.  Defendants admit the allegations contained within Paragraph 15 of the Complaint.

16.  Defendants deny the allegations contained within Paragraph 16 of the Complaint, except that Defendant Steven Qian had the power to hire and fire employees, as well as set wages.

17.  Defendants deny the allegations contained within Paragraph 17 of the Complaint, except that Defendant Liwei Fang had the power to set retain records**.**

18. Defendants deny the allegations contained within Paragraph 18 of the Complaint, except that Defendant Jaimy Yang had the power to retain records**.**

19.  Defendants deny the allegations contained within Paragraph 19 of the Complaint.


## JURISDICTION AND VENUE

20.  Defendants deny having knowledge or information sufficient to form a belief with respect to the truth of the allegations contained within Paragraph 20 of the complaint, except avers that with respect to those allegations that call for a legal conclusion, no response is required, and Defendants respectfully refers all questions of law to the Court.

21.  Defendants deny having knowledge or information sufficient to form a belief with respect to the truth of the allegations contained within Paragraph 21 of the complaint, except avers that with respect to those allegations that call for a legal conclusion, no response is required, and Defendants respectfully refers all questions of law to the Court.  Defendants deny any transgressions occurred.


## FACTS

22.  Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.  Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.  Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.  Defendants deny the allegations contained within Paragraph 25 of the Complaint.

26.  Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.  Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.  Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.  Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.  Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.  Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.  Defendants admit the allegations contained within Paragraph 32 of the Complaint.

33.  Defendants deny the allegations contained within Paragraph 33 of the Complaint.

34.  Defendants deny the allegations contained in Paragraph 34 of the Complaint.

### FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act - Overtime

35.  Defendants repeat their responses to the allegations contained within Paragraphs 1-34 of the

Complaint as if fully set forth herein.

36.  Defendants deny the allegations contained in Paragraph 42 of the Complaint as to these

Plaintiffs.

37.  Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.  Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.  Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.  Defendants deny the allegations contained in Paragraph 40 of the Complaint.

**WHEREFORE,** Defendants demand that Judgment as to the First Count be entered in their

favor and not as to Plaintiffs with respect to Plaintiffs' claims.

## SECOND CAUSE OF ACTION
## Violation of the New Jersey Wage & Hour Law - Overtime

41. Defendants repeat their answers to the allegations in Paragraphs 1 through 40, as if set forth herein at length.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint as to these Plaintiffs.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

   **WHEREFORE,** Defendants demand that Judgment as to the Second Count be entered in their favor and not as to Plaintiffs with respect to Plaintiffs' claims.

## JURY TRIAL

   The allegations contained in the Complaint is a demand for a jury trial which speaks for itself, and therefore no response from Defendants are required.

   **WHEREFORE,** Defendants demand that Judgment as listed below Jury Trial in the Complaint be entered in their favor and not as to Plaintiff with respect to Plaintiff's claims (1) - (2).

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim or cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs claims are barred, in whole or in part, because Plaintiffs are not entitled to the damages sought in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs claims are barred, in whole or in part, because Defendants acted in good faith and did not violate any rights under any Federal or State laws, rules or regulations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have acted in bad faith.

## FIFTH AFFIRMATIVE DEFENSE

Any claim for overtime liability and liquidated damages for a period in excess of two years prior to the filing of the Complaint is barred by the statute of limitations as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred in whole or in part by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and within reasonable grounds for believing that their actions did not violate the Fair Labor Standards Act and therefore should not be liable for any

liquidated damages under the Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred as they has been fully compensated for all amounts due and owing from Defendants.

## NINTH AFFIRMATIVE DEFENSE

Any amount allegedly due to Plaintiffs should be set off by payments they received from Defendants or Go Service Management LLC.

## TENTH AFFIRMATIVE DEFENSE

Defendants have not satisfied any and all obligations to Plaintiffs that arose during their work therefore this action is barred in whole or in part by the doctrine of accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs claims for compensation in whole or in part are for non-working time and were independent contractors.

## TWELFTH AFFIRMATIVE DEFENSE

Any compensation paid to Plaintiffs beyond that to which they were entitled while working, such additional compensation satisfies any alleged claims for unpaid wages or other relief sought, and/or the equitable doctrines of recoupment and set off apply to the alleged wages owed.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the doctrines of unclean hands, waiver, estoppel, and/or laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred as to Defendants by operation of Go Service Management LLC.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses based upon further discovery.

**WHEREFORE,** Defendants request that Plaintiffs' Complaint be dismissed with prejudice and the Defendants be awarded attorneys fees and costs and such other relief as the Court may deem just and appropriate.

## COUNTERCLAIM

Defendant Cathay Home Inc. ("Cathay") pursuant to Fed. R. Civ. P. 13, alleges its Counterclaim against Plaintiffs as follows:

## PARTIES

1. Defendant Cathay is a New York domestic corporation, registered as a foreign corporation in New Jersey with its principal place of business in New York, New York.

2. Based upon information and belief predicated upon the allegations contained in their Complaint, Plaintiffs are residents of New Jersey.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this counterclaim because it is between citizens of different states, seeks damages in excess of $75,000, and is so related to the claims asserted in the Complaint that it forms a part of the same case and controversy under Article III of the United States Constitution.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

## FACTS

5. Plaintiffs filed this action against Defendants seeking monetary and declaratory relief on behalf of themselves and others for alleged violations of the Fair Labor Standards Act - Overtime and the New Jersey Wage and Hour Law.

6. At times relevant to this lawsuit, Plaintiffs provided services as independent contractors and as Go Service Management LLC with Defendant Cathay. Plaintiff Chiuchi Alexander Yu is the Manager of Go Service Management LLC.

7. At times relevant to this lawsuit Plaintiffs provided services as independent contractors and as Go Service Management LLC between Plaintiffs and other third parties, including but not limited to the same times when Plaintiffs and/or Go Service Management LLC claimed they were providing services to Defendant Cathay.

8. During the period of services, Plaintiffs individually and/or on behalf of Go Service Management LLC also increased the costs of charges including but not limited to labor and pallets to Defendant Cathay, without Defendant Cathay's knowledge and consent. Plaintiffs individually and/or on behalf of Go Service Management LLC bought pallets and resold to Cathay, without Cathay's knowledge and approval. Cathay had always bought the pallets directly from the pallet supplier. Go Service Management LLC overcharged Cathay on the purchase of pallets. Go Service Management LLC over stated the quantity of the pallets. This includes the pallet company only delivered a number of pallets that Go Service Management LLC overcharged Cathay for more than the delivered pallets.

9. Plaintiff Chiuchi Alexander Yu and/or on behalf of Go Service Management LLC bought ten fans for the warehouse and was reimbursed by Cathay, but returned nine fans to the store, but did not return the money to Cathay.

10. Plaintiff Chiuchi Alexander Yu and/or on behalf of Go Service Management LLC bought tools for the conveyor of the warehouse and was reimbursed by Cathay. After being fired by Cathay, upon information and belief Chiuchi Alexander Yu took those tools from the warehouse without Cathay's permission.

11. Plaintiffs individually and/or on behalf of Go Service Management LLC executed a storage agreement with a third party warehouse without Defendants knowledge or consent, and shipped Defendant Cathay's products in the amount of over $300,000. Defendant Cathay lost the ownership of its goods for an extended period due to Plaintiffs individually and/or Go Service Management LLC improper actions. After Plaintiff Chiuchi Alexander Yu was fired by Defendant Cathay, the Defendants were advised by the third party warehouse that Cathay's products were stored by Go Service Management LLC and the warehouse would not release the goods to Cathay. Defendants

were required to expend time with Plaintiff Chiuchi Alexander Yu and the warehouse to force Plaintiff Chiuchi Alexander Yu to release the products to Cathay and change the fraudulent title of the products back to Cathay.  Furthermore Plaintiffs individually and/or on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Defendant Cathay's knowledge and consent.

## FIRST CAUSE OF ACTION
## <u>INTENTIONAL MISREPRESENTATION</u>

12.   Defendant Cathay repeats and incorporates the allegations of paragraphs 1 through 11 of the Counterclaim.

13.  The Plaintiffs intentionally misrepresented its services as independent contractors and as Go Service Management LLC to Defendant Cathay.

14. The Plaintiffs intentional misrepresentations have caused Defendant Cathay to be damaged, including but not limited to Defendant Cathy being overcharged by Plaintiffs and/or Go Service Management LLC services, as well as services incurred for third parties by Plaintiffs and/or Go Service Management LLC during time billed to Defendant Cathy.  During the period of services, Plaintiffs individually and/or on behalf of Go Service Management LLC also increased the costs of charges including but not limited to labor and pallets to Defendant Cathay, without Defendant Cathay's knowledge and consent, theft of proceeds from the return of fans, Plaintiffs removal of tools from the warehouse without Cathay's permission, fraudulent transfer of Cathay's goods due to Plaintiffs individually and/or Go Service Management LLC improper actions, unlawful retention of goods by the warehouse due to Plaintiffs and Go Service Management LLC.  Furthermore

Plaintiffs individually and/or on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Defendant Cathay's knowledge and consent.

**SECOND CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**

15.  Defendant Cathay repeats and incorporates the allegations of paragraphs 1 through 14 of the Counterclaim.

16.  The Plaintiffs negligently misrepresented its services as independent contractors and as Go Service Management LLC to Defendant Cathay.

17.  The Plaintiffs negligent misrepresentations have caused Defendant Cathay to be damaged, including but not limited to Defendant Cathy being overcharged by Plaintiffs and/or Go Service Management LLC services, as well as services incurred for third parties by Plaintiffs and/or Go Service Management LLC during time billed to Defendant Cathy.  During the period of services, Plaintiffs individually and/or on behalf of Go Service Management LLC also increased the costs of charges including but not limited to labor and pallets to Defendant Cathay, without Defendant Cathay's knowledge and consent, theft of proceeds from the return of fans, Plaintiffs removal of tools from the warehouse without Cathay's permission, fraudulent transfer of Cathay's goods due to Plaintiffs individually and/or Go Service Management LLC improper actions, unlawful retention of goods by the warehouse due to Plaintiffs and Go Service Management LLC.  Furthermore Plaintiffs individually and/or on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Defendant Cathay's knowledge and consent.

### THIRD CAUSE OF ACTION
### <u>FRAUD</u>

18.  Defendant Cathay repeats and incorporates the allegations of paragraphs 1 through 17 of the Counterclaim.

19.  The Plaintiffs knowingly defrauded Defendant Cathay, provided services as independent contractors and as Go Service Management LLC between Plaintiffs and other third parties, including but not limited to at the same times when Plaintiffs and/or Go Service Management LLC claimed they were providing services to Defendant Cathay, as well as Plaintiffs and/or Go Service Management LLC overcharging Defendant Cathay for their services.  During the period of services, Plaintiffs individually and/or on behalf of Go Service Management LLC also increased the costs of charges including but not limited to labor and pallets to Defendant Cathay, without Defendant Cathay's knowledge and consent, theft of proceeds from the return of fans, Plaintiffs removal of tools from the warehouse without Cathay's permission, fraudulent transfer of Cathay's goods due to Plaintiffs individually and/or Go Service Management LLC improper actions, unlawful retention of goods by the warehouse due to Plaintiffs and Go Service Management LLC.  Furthermore Plaintiffs individually and/or on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Defendant Cathay's knowledge and consent. In addition Plaintiffs individually and/or on behalf of Go Service Management LLC and/or on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Defendant Cathay's knowledge and consent.

20.  The Plaintiffs and Go Service Management LLC fraudulent acts have caused Defendant Cathay to be damaged.

## FOURTH CAUSE OF ACTION
## <u>BREACH OF CONTRACT</u>

21.  Defendant Cathay repeats and incorporates the allegations of paragraphs 1 through 20 of the Counterclaim.

21.  The Plaintiffs and Go Service Management LLC breached their contracts with the Defendant Cathay.  The breaches included but are not limited to services alleged to be provided at the same times when Plaintiffs and/or Go Service Management LLC claimed they were providing services to Defendant Cathay, as well as Plaintiffs and/or Go Service Management LLC overcharging Defendant Cathay for their services.  During the period of services, Plaintiffs individually and/or on behalf of Go Service Management LLC also increased the costs of charges including but not limited to labor and pallets to Defendant Cathay, without Defendant Cathay's knowledge and consent, theft of proceeds from the return of fans, Plaintiffs removal of tools from the warehouse without Cathay's permission, fraudulent transfer of Cathay's goods due to Plaintiffs individually and/or Go Service Management LLC improper actions, unlawful retention of goods by the warehouse due to Plaintiffs and Go Service Management LLC.  Furthermore Plaintiffs individually and/or on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Defendant Cathay's knowledge and consent. In addition Plaintiffs individually and/or on behalf of Go Service Management LLC and/or on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Defendant Cathay's knowledge and consent.

22.  The Plaintiffs and Go Service Management LLC breach of their contracts with the Defendant Cathay has caused the Defendant Cathay to be damaged.

**FIFTH CAUSE OF ACTION**
**PROMISSORY ESTOPPEL**

23.  The Defendant Cathay repeats and incorporates the allegations of paragraphs 1 through 22 of the Counterclaim.

24.  The Plaintiffs are prevented by their own acts and representations from claiming a right to detriment of the Defendant Cathay who was entitled to rely on Plaintiffs conduct and representations and acted accordingly.  During the period of services, Plaintiffs individually and/or on behalf of Go Service Management LLC also increased the costs of charges including but not limited to labor and pallets to Defendant Cathay, without Defendant Cathay's knowledge and consent, theft of proceeds from the return of fans, Plaintiffs removal of tools from the warehouse without Cathay's permission, fraudulent transfer of Cathay's goods due to Plaintiffs individually and/or Go Service Management LLC improper actions, unlawful retention of goods by the warehouse due to Plaintiffs and Go Service Management LLC.  Furthermore Plaintiffs individually and/or on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Defendant Cathay's knowledge and consent. In addition Plaintiffs individually and/or on behalf of Go Service Management LLC and/or on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Defendant Cathay's knowledge and consent.

25.  The Defendant Cathay relied on the Plaintiffs conduct and representations and was consequently damaged.

**WHEREFORE**, the Defendant Cathay respectfully demands judgment against the Plaintiffs for each Causes of Action, jointly and severally, for all compensatory damages sustained, costs, interest, attorneys fees, and such further relief as the Court deems just.  Defendant Cathay is entitled to reimbursement from Plaintiffs for the unauthorized increased of labor and charges to Defendant Cathay, as well as all other costs and expenses, all costs from the improper transfer and/or unlawful retention of Cathay's goods, tools, fans, pallets, and their proceeds as well as Plaintiffs' receipt and sale of Defendant Cathay's customer returns and unlawful retention of the proceeds, as well as reasonable attorneys' fees, incurred by Defendant Cathay in defending against the Complaint, prosecuting its Counterclaim and Third Party Complaint.

## THIRD PARTY COMPLAINT

Third Party Plaintiff ("Cathay") pursuant to Fed. R. Civ. P. 13, alleges its Third Party Complaint against Third Party Defendant Go Service Management LLC ("Go Service Management LLC ") as follows:

## PARTIES

1. Cathay is a New York domestic corporation,  registered as a foreign corporation in New Jersey with its principal place of business in New York, New York.

2. Go Service Management LLC is a New Jersey domestic limited liability company, with a business address of 188 Grand Avenue, Leonia, New Jersey 07605.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Third Party Complaint because it is between citizens of different states, seeks damages in excess of $75,000, and is so related to the claims asserted in the Complaint that it forms a part of the same case and controversy under Article III of the United States Constitution.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

## FACTS

5. Plaintiffs Chiuchi Alexander Yu and Siuyuk Pak  ((hereinafter collectively referred to as "Plaintiffs") filed this action against Defendants seeking monetary and declaratory relief on behalf of themselves and others for alleged violations of the Fair Labor Standards Act - Overtime and the New Jersey Wage and Hour Law.

6.  At times relevant to this lawsuit, Plaintiffs provided services as independent contractors and/or as Third Party Defendant Go Service Management LLC to Third Party Plaintiff Cathay. Plaintiff Chiuchi Alexander Yu is the Manager of Third Party Defendant Go Service Management LLC.

7.  At times relevant to this lawsuit Plaintiffs provided services as independent contractors and as Go Service Management LLC between Plaintiffs and other third parties, including but not limited to the same times when Plaintiffs and/or Go Service Management LLC claimed they were providing services to Cathay.

8.  During the period of services, Plaintiffs individually and/or on behalf of Go Service Management LLC also increased the costs of charges including but not limited to labor and

pallets to Cathay, without Cathay's knowledge and consent.  Plaintiffs individually and/or on behalf of Go Service Management LLC bought pallets and resold to Cathay, without Cathay's knowledge and approval.  Cathay had always bought the pallets directly from the pallet supplier.  Go Service Management LLC overcharged Cathay on the purchase of pallets.  Go Service Management LLC over stated the quantity of the pallets.  This includes the pallet company only delivered a number of pallets that Go Service Management LLC overcharged Cathay for more than the delivered pallets.

9.  Plaintiff Chiuchi Alexander Yu and/or on behalf of Go Service Management LLC bought ten fans for the warehouse and was reimbursed by Cathay, but returned nine fans to the store, but did not return the money to Cathay.

10.  Plaintiff Chiuchi Alexander Yu and/or on behalf of Go Service Management LLC bought tools for the conveyor of the warehouse and was reimbursed by Cathay.  After being fired by Cathay, upon information and belief Chiuchi Alexander Yu and/or on behalf of Go Service Management LLC took those tools from the warehouse without Cathay's permission. After being fired by Cathay, upon information and belief Chiuchi Alexander Yu and/or on behalf of Go Service Management LLC took those tools from the warehouse without Cathay's permission.

11.  Plaintiffs individually and/or on behalf of Go Service Management LLC executed a storage agreement with a third party warehouse without Defendants knowledge or consent, and shipped Defendant Cathay's products in the amount of over $300,000.  Defendant Cathay lost the ownership of its goods for an extended period due to Plaintiffs individually and/or Go Service Management LLC improper actions.  After Plaintiff Chiuchi Alexander Yu was fired by Defendant Cathay, Cathay was advised by the third party warehouse that Cathay's products were

stored by Go Service Management LLC and the warehouse would not release the goods to

Cathay.  Cathay was required to expend time with Plaintiff Chiuchi Alexander Yu and/or on

behalf of Go Service Management LLC with the warehouse to force Plaintiff Chiuchi Alexander

Yu to release the products to Cathay and change the fraudulent title of the products back to

Cathay.  Furthermore Plaintiffs individually and/or on behalf of Go Service Management LLC

received and sold Cathay's customer returns and kept the proceeds, all without Defendant

Cathay's knowledge and consent.


## FIRST CAUSE OF ACTION
## <u>INTENTIONAL MISREPRESENTATION</u>

12.   Cathay repeats and incorporates the allegations of paragraphs 1 through 11 of the Third

Party Complain.

13.  The Plaintiffs Go Service Management LLC and intentionally misrepresented its services as

independent contractors and as Go Service Management LLC to Cathay.

14. The Plaintiffs Go Service Management LLC  intentional misrepresentations have caused

Cathay to be damaged, including but not limited to Cathy being overcharged by Plaintiffs and/or

Go Service Management LLC services, as well as services incurred for third parties by Plaintiffs

and/or Go Service Management LLC during time billed to Cathy.  During the period of services,

Plaintiffs individually and/or on behalf of Go Service Management LLC also increased the costs

of charges including but not limited to labor and pallets to Cathay, without Cathay's knowledge

and consent, theft of proceeds from the return of fans, Plaintiffs and Go Service Management

LLC removal of tools from the warehouse without Cathay's permission, fraudulent transfer of

Cathay's goods due to Plaintiffs individually and/or Go Service Management LLC improper actions, unlawful retention of goods by the warehouse due to Plaintiffs and Go Service Management LLC.  Furthermore Plaintiffs individually and/or on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Cathay's knowledge and consent.

## SECOND CAUSE OF ACTION
## <u>NEGLIGENT MISREPRESENTATION</u>

15.  Cathay repeats and incorporates the allegations of paragraphs 1 through 14 of the Third Party Complaint.

16.  The Plaintiffs negligently misrepresented its services as independent contractors and as Go Service Management LLC to Cathay.

17. The Plaintiffs and Go Service Management LLC negligent misrepresentations have caused Cathay to be damaged, including but not limited to Cathy being overcharged by Plaintiffs and/or Go Service Management LLC services, as well as services incurred for third parties by Plaintiffs and/or Go Service Management LLC during time billed to Cathy.  During the period of services, Plaintiffs individually and/or on behalf of Go Service Management LLC also increased the costs of charges including but not limited to labor and pallets to Cathay, without Cathay's knowledge and consent, theft of proceeds from the return of fans, Plaintiffs removal of tools from the warehouse without Cathay's permission, fraudulent transfer of Cathay's goods due to Plaintiffs individually and/or Go Service Management LLC improper actions, unlawful retention of goods by the warehouse due to Plaintiffs and Go Service Management LLC.  Furthermore Plaintiffs individually and/or on behalf

of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Cathay's knowledge and consent.

### THIRD CAUSE OF ACTION
### FRAUD

18.  Cathay repeats and incorporates the allegations of paragraphs 1 through 17 of the Third Party Complaint.

19. The Plaintiffs and Go Service Management LLC knowingly defrauded Cathay, provided services as independent contractors and as Go Service Management LLC between Plaintiffs and other third parties, including but not limited to at the same times when Plaintiffs and/or Go Service Management LLC claimed they were providing services to Cathay, as well as Plaintiffs and/or Go Service Management LLC overcharging Cathay for their services.  During the period of services, Plaintiffs individually and/or on behalf of Go Service Management LLC also increased the costs of charges including but not limited to labor and pallets to Cathay, without Defendant Cathay's knowledge and consent, theft of proceeds from the return of fans, Plaintiffs and Go Service Management LLC removal of tools from the warehouse without Cathay's permission, fraudulent transfer of Cathay's goods due to Plaintiffs individually and/or Go Service Management LLC improper actions, unlawful retention of goods by the warehouse due to Plaintiffs and Go Service Management LLC.  Furthermore Plaintiffs individually and/or on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept the proceeds, all without Cathay's knowledge and consent. In addition Plaintiffs individually and/or on behalf of Go Service

Management LLC and/or on behalf of Go Service Management LLC received and sold Cathay's

customer returns and kept the proceeds, all without Defendant Cathay's knowledge and consent.

20.    The Plaintiffs and Go Service Management LLC fraudulent acts have caused Cathay to be

damaged.


## FOURTH CAUSE OF ACTION
## <u>BREACH OF CONTRACT</u>


21.  Cathay repeats and incorporates the allegations of paragraphs 1 through 20 of the Third Party

Complaint.

21.  The Plaintiffs and Go Service Management LLC breached their contracts with Cathay.  The

breaches included but are not limited to services alleged to be provided at the same times when

Plaintiffs and/or Go Service Management LLC claimed they were providing services to Cathay,

as well as Plaintiffs and/or Go Service Management LLC overcharging Cathay for their services.

During the period of services, Plaintiffs individually and/or on behalf of Go Service Management

LLC also increased the costs of charges including but not limited to labor and pallets to Cathay,

without Cathay's knowledge and consent, theft of proceeds from the return of fans, Plaintiffs

removal of tools from the warehouse without Cathay's permission, fraudulent transfer of

Cathay's goods due to Plaintiffs individually and/or Go Service Management LLC improper

actions, unlawful retention of goods by the warehouse due to Plaintiffs and Go Service

Management LLC.  Furthermore Plaintiffs individually and/or on behalf of Go Service

Management LLC received and sold Cathay's customer returns and kept the proceeds, all without

Cathay's knowledge and consent. In addition Plaintiffs individually and/or on behalf of Go

Service Management LLC and/or on behalf of Go Service Management LLC received and sold

Cathay's customer returns and kept the proceeds, all without Cathay's knowledge and consent.

22.  The Plaintiffs and Go Service Management LLC breach of their contracts with the Cathay

has caused Cathay to be damaged.

**FIFTH CAUSE OF ACTION**
**<u>PROMISSORY ESTOPPEL</u>**

23.  Cathay repeats and incorporates the allegations of paragraphs 1 through 22 of the Third Party

Complaint.

24.  The Plaintiffs and Go Service Management LLC are prevented by their own acts and

representations from claiming a right to detriment of Cathay who was entitled to rely on

Plaintiffs  and Go Service Management LLC's conduct and representations and acted

accordingly.  During the period of services, Plaintiffs individually and/or on behalf of Go Service

Management LLC also increased the costs of charges including but not limited to labor and

pallets to Cathay, without Cathay's knowledge and consent, theft of proceeds from the return of

fans, Plaintiffs and Go Service Management LLC's removal of tools from the warehouse without

Cathay's permission, fraudulent transfer of Cathay's goods due to Plaintiffs individually and/or

Go Service Management LLC improper actions, unlawful retention of goods by the warehouse

due to Plaintiffs and Go Service Management LLC.  Furthermore Plaintiffs individually and/or

on behalf of Go Service Management LLC received and sold Cathay's customer returns and kept

the proceeds, all without Cathay's knowledge and consent. In addition Plaintiffs individually

and/or on behalf of Go Service Management LLC and/or on behalf of Go Service Management

LLC received and sold Cathay's customer returns and kept the proceeds, all without Cathay's

knowledge and consent.

25.  Cathay relied on the Plaintiffs and Go Service Management LLC's conduct and

representations and was consequently damaged.


**WHEREFORE**, Cathay respectfully demands judgment against the Plaintiffs and Go

Service Management LLC for each Causes of Action, jointly and severally, for all compensatory

damages sustained, costs, interest, attorneys fees, and such further relief as the Court deems just.

Cathay is entitled to reimbursement from Plaintiffs and Go Service Management LLC for the

unauthorized increased of labor and charges to Cathay, as well as all other costs and expenses, all

costs from the improper transfer and/or unlawful retention of Cathay's goods, tools, fans, pallets,

and their proceeds as well as Plaintiffs' and Go Service Management LLC's  receipt and sale of

Cathay's customer returns and unlawful retention of the proceeds, as well as reasonable

attorneys' fees, incurred by Cathay in defending against the Complaint, prosecuting its

Counterclaim and Third Party Complaint.


## DEMAND FOR JURY TRIAL

Cathay demands a jury trial on all issues so triable.

Dated: October 22, 2019

By: /s/ Robert M. Marshall, Esq.

Robert M. Marshall, Esq.
Robert M. Marshall, L.L.C.
155 Willowbrook Boulevard
Wayne, New Jersey 07470
(973) 812-4499

## CERTIFICATE OF SERVICE
## (Via ECF)

I am over the age of 18 and not a party to this action. On this date, I caused a true copy of the attached:

**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND THIRD PARTY COMPLAINT**

on the parties listed below via ECF filing, as follows:

Heng Wang, Esq.                              Attorneys for Plaintiffs
36 Bridge Street
Metuchen, New Jersey 08840

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 22, 2019              /s/ Robert M. Marshall
                                      Robert M. Marshall, Esq.